IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-30012 |
| | ) | |
| DENNIS LEE HERNANDEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on October 28, 2005, for Defendant Dennis Lee Hernandez's sentencing hearing.  Hernandez was present in person and with counsel, Douglas Beevers.  The Government was present by Assistant United States Attorney Gregory Gilmore.  On June 23, 2005, Hernandez entered an open guilty plea to the sole count of the indictment in which he was charged with unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). The Court was in receipt of a Revised Presentence Report (PSR), dated October 17, 2005, prepared by the United States Probation Office.

At the sentencing hearing, neither the Government nor Defendant

objected to the PSR. The Court, therefore, adopted the findings of the PSR with respect to calculating the Guideline range. Hernandez had a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(A). Hernandez's offense level was increased by 4 levels under U.S.S.G. § 2K2.1(b)(5) because his crime involved a loaded firearm in close proximity to a large quantity of marijuana, which was intended for distribution, as well as a small amount of methamphetamine. Hernandez was entitled to a three-level reduction for his acceptance of responsibility under U.S.S.G. §§ 3E1.1(a) and (b) (as acknowledged by the Government), resulting in a final offense level of 21. Hernandez had 12 criminal history points, which placed him in category V. An offense level of 21 with a criminal history category V results in a Guideline range of 70 to 87 months imprisonment, in Zone D. The Court recognized that, after the Supreme Court decision in <u>United States v. Booker</u>, the Guidelines are no longer binding on the Court. <u>Booker</u>, 125 S.Ct. 738 (2005). However, they remain a factor for the Court to consider in sentencing. <u>United States v. Williams</u>, 410 F.3d 397 (7th Cir. 2005).

  THEREFORE, after considering the case file, including the PSR, the statements of counsel, Hernandez's own statement, the applicable sentencing guidelines, and the sentencing factors set forth in 18 U.S.C. §

2

3553(a), the Court noted that 85 months imprisonment would be appropriate in this case based on Hernandez's extensive criminal background and his repeated criminal actions. However, the Court recognized that Hernandez should receive a two-month credit for his time served on the state sentence, from November 7, 2004 to December 16, 2004, in Adams County, Illinois, Case No. 04-CF-509. The Court further noted that the two-month credit was warranted because: (1) Hernandez's undischarged term of imprisonment in the above Adams County case is considered relevant conduct in computing his federal sentencing range and (2) the Probation Office informed the Court that the Bureau of Prisons will not give Hernandez credit for the above two-months period while he was in state custody on the Adams County case. In light of the above, the Court sentenced Hernandez to 83 months imprisonment, starting from October 28, 2005, to run concurrently with the undischarged portion of Hernandez's sentence in Adams County, Illinois, Case No. 04-CF-509. Hernandez was not ordered to pay a fine, but was ordered to pay a $100.00 special assessment due in full within 8 months. After his release from prison, Hernandez was ordered to serve a term of three years of supervised release. The Court advised Hernandez of his appeal rights.

IT IS THEREFORE SO ORDERED.

ENTER: November 1, 2005.

FOR THE COURT:

                                              s/ Jeanne E. Scott
                                              JEANNE E. SCOTT
                                    UNITED STATES DISTRICT JUDGE